IN THE CIRCUIT COURT
FOR BALTIMORE COUNTY, MARYLAND

HARLEAN MILLMAN,                        )
Individually and as Personal           )
Representative of the Estate           )
Ian Millman,                            )
2415 Westridge Road                     )
Timonium, Maryland 21093                )
                                        )
AND                                     )
                                        )
ELIZABETH A. MILLMAN,                   )
Individually and as beneficiary        )
of Ian Millman's IRA accounts,          )
1703 Belt Street                        )
Baltimore, Maryland 21230               )
                                        )
AND                                     )
                                        )
GREGORY P. MILLMAN,                     )
Individually and as beneficiary        )
of Ian Millman's IRA accounts,          )
6010 Williamsburg Way                   )
Tampa, Florida 33625                    )
                                        )
                    Plaintiffs,         )      CASE NO. 14-
        vs                              )
                                        )
QUESTAR CAPITAL CORPORATION             )
5701 Golden Hills Drive                 )
Minneapolis, Minnesota 55416            )
                                        )
Serve On:                               )
The Corporation Trust Incorporated      )
351 West Camden Street                  )
Baltimore, Maryland 21204               )
                                        )
AND                                     )
                                        )
WILLIAM W. GAMMON                       )
1954 Greenspring Drive, Suite 200       )
Timonium, Maryland 21093                )
                                        )
                    Defendants          )
----------------------------------------X

RECEIVED AND FILED

2014 DEC 18  P 2: 41

CLERK OF CIRCUIT COURT
BALTIMORE COUNTY

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, Harlean Millman, Elizabeth A. Millman and Gregory P. Millman, hereby file this Complaint against Questar Capital Corporation and William W. Gammon, Defendants herein, and state as follows:

### I. JURISDICTION AND VENUE

1. Plaintiffs invoke the jurisdiction of this Court pursuant to Md. Code Ann., Cts. and Jud. Proc. Article, §§6-101 *et seq.*

2. Venue is proper in this Court pursuant to Md. Code Ann., Cts. & Jud. Proc. Article, §§6-201 and 6-202.

3. The amount in controversy herein exceeds the sum of $30,000.00, exclusive of interest and costs.

### II. PARTIES

4. Harlean Millman is a citizen of the State of Maryland with a residence located at 2415 Westridge Road, Timonium, Maryland 21093. Harlean Millman is a 76 year old widow whose husband, Ian Millman, passed away in February 2008. Harlean Millman brings these claims in her individual capacity and as the Personal Representative of the Estate of Ian Millman, her late husband. At all relevant times to this Complaint, Ian Millman and Harlean Millman were clients of the Defendants and stood in a fiduciary relationship with Defendants.

2

5.   Elizabeth A. Millman is a citizen of the State of Maryland with a residence located at 1703 Belt Street, Baltimore, Maryland 21230. Elizabeth A. Millman is the daughter of Ian Millman and Harlean Millman and brings these claims in her individual capacity as well as her capacity as a beneficiary of non-publicly traded assets distributed to her from IRA accounts opened by her late father.

6.   Gregory P. Millman is a citizen of the State of Florida with a residence located at 6010 Williamsburg Way, Tampa, Florida 33625. Gregory P. Millman is the son of Ian Millman and Harlean Millman and brings these claims in his individual capacity as well as his capacity as a beneficiary of non-publicly traded assets distributed to him from IRA accounts opened by his late father.

7.   Questar Capital Corporation ("Questar") is a broker-dealer registered and licensed through FINRA. Upon information and belief, Questar is incorporated in the State of Minnesota and has its principal place of business at 5701 Golden Hills Drive, Minneapolis, Minnesota 55416. One of Questar's branch offices was located at 1122 Kenilworth Drive, Suite 201, Towson, Maryland 21204. Questar is a member firm of FINRA and is guided and controlled by its rules and regulations.

8.   William W. Gammon ("Gammon") is a citizen of the State of Maryland with a business address of 1954 Greenspring Drive,

3

Suite 200, Timonium, Maryland 21093. According to FINRA, Gammon was employed by Questar from 2001 through May 9, 2007.  Gammon is guided and controlled by FINRA rules and regulations.

### III. FACTS COMMON TO ALL COUNTS

#### A.   THE MILLMANS' EMPLOYMENT AND INVESTMENT HISTORY

9.  Ian Millman (retired 2003) worked as an electrical engineer in the transportation industry and Harlean Millman (retired 2007) worked as a nurse. The Millmans lacked the requisite experience and training to prudently invest their retirement savings. Based upon their lack of expertise and training, the Millmans sought out the services of a professional investment advisor to manage their life savings. The Millmans selected the Defendants as their investment advisors and relied upon the Defendants to properly advise them, select suitable investments for them, perform adequate due diligence on any investment recommended to them and monitor the performance of the investments recommended to ensure their continued suitability.

10.  The Millmans' primary objective was for their savings to provide them with regular income. The Millmans were financially conservative and were opposed to investing their life savings in speculative or risky securities.

4

**B.   GAMMON'S SOLICITATION OF THE MILLMANS**

11.   In approximately 2006, Mr. and Mrs. Millman attended an investment seminar and free dinner sponsored by Gammon.   To the best of Harlean Millman's recollection, she and her husband attended the seminar as a result of receiving an unsolicited invitation in the mail in which Gammon described himself as a financial planner who focused on assisting retired investors.

12.   In 2006, after attending Gammon's investment seminar and meeting with Gammon personally, the Millmans decided to transfer their retirement savings from Merrill Lynch to Gammon for management. The Millmans made this decision based upon Gammon's presentation of himself as an experienced and trustworthy financial planner.

**C.   GAMMON'S UNSUITABLE INVESTMENT OF THE MILLMANS' RETIREMENT SAVINGS**

13.   Beginning in June 2006, Gammon began investing the Millmans' retirement savings in speculative, illiquid, non-publicly real estate based securities. Neither Millman nor his wife understood the risks associated with these non-conventional and complex securities. Gammon failed to disclose the highly speculative nature of investing in illiquid securities, failed to disclose the inordinately high commissions he would receive as result of the sale and actively misrepresented the meaning and

significance of the documents he asked the Millmans to sign in order to purchase the illiquid securities.

14. Gammon's deceit continued from 2006 through July 2008. During this time period, Gammon liquidated the majority of the Millmans' savings, and used the proceeds to invest in the following illiquid, complex, speculative, leveraged, real estate based securities:

| Date: | Investment Name: | Asset Class: | Amount: | |
|---|---|---|---|---|
| 5/25/2006 | Behringer Harvard I | Private REIT | $50,000 | Ian IRA |
| 6/29/2006 | Inland America | Private REIT | $50,000 | Ian IRA |
| 6/29/2006 | USA Self Storage | Private REIT | $50,000 | Ian IRA |
| 6/29/2006 | Wells REIT II Inc. | Private REIT | $50,000 | Ian IRA |
| | | | TOTAL: $200,000 | |

15. As a result of Gammon's totally unsuitable advice and reckless conduct, the Millmans' life savings was concentrated in a portfolio of highly speculative, illiquid, complex, leveraged real estate based securities. Needless to say, Gammon's concentration of such a large portion of the Millmans' life savings in illiquid, leveraged securities is totally reckless and is in clear violation of industry rules which mandate that an advisor may only solicit suitable transactions. The Millmans were not aware of the speculative nature of the non-publicly real estate based securities

Gammon purchased and believed that their life savings was invested conservatively.

16. Prior to the unsuitable investment of the Millmans' retirement savings in each of the aforementioned securities, Gammon omitted and/or misrepresented the following material facts:

- Each REIT was a highly speculative, illiquid investment which did not correspond to the Millmans' conservative investment objectives and tolerance for risk.

- Concentrating the Millmans' life savings in restrictive/illiquid private placement securities was contrary to their conservative investment objectives and need for regular income.

- Concentrating the Millmans' life savings in restrictive/illiquid private placement securities created an improperly diversified investment portfolio.

- Concentrating the Millmans' life savings in only real estate based illiquid securities compounded the lack of diversification in their investment portfolio.

- Investment of large percentages of the Millmans' savings (increments of $50,000 or more) in a single private placement security further compounded the lack of diversification in their investment portfolio.

- Many (if not all) of the private placement securities engaged in the use of leverage which significantly increased the risk of loss.

- Due the inordinately high commissions/fees Gammon received (some as high as 10%) as a result of selling the Millmans the private placement securities, as compared to more conventional publicly traded securities, Gammon was in violation of the fiduciary obligations owed to the Millmans by placing his own financial interests ahead of his clients.

17. Unaware that they had been provided with unsuitable investment advice, the Millmans continued their relationship with Gammon until 2014.

18. At all times during the course of the Millmans' relationship with Gammon, Gammon continuously and falsely assured the Millmans that their retirement monies were conservatively invested. As a result of the trust reposed in Gammon, the financial security the Millmans achieved through decades of hard work and saving has been destroyed.

## COUNT I
### (Fraud)

19. Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1-18.

20. At all times relevant to this Complaint, Defendants had both a legal and fiduciary duty to disclose all material facts with regard to risks associated with the investments purchased for the Millmans. At the same time, Defendants had a duty to refrain from omitting material facts in connection with the offer and sale of securities purchased in the accounts.

21. In violation of the aforementioned duties, Defendants, by and through their agents, servants and/or employees knowingly made the misrepresentations and omissions of material fact set forth paragraph nos. 13-18 of this Complaint.

8

22.   Defendants intended for the Millmans to rely upon their intentional omissions and misrepresentations.   The Millmans reasonably and justifiably relied on Defendants' omissions and misrepresentations to their detriment.

23.   As a proximate result of the intentionally false and misleading omissions and misrepresentations by Defendants, the Millmans suffered damages.

WHEREFORE, Plaintiffs, Harlean Millman, Elizabeth A. Millman and Gregory P. Millman, request that a judgment be entered in their favor and against Defendants, jointly and severally, for compensatory and/or rescission damages in the amount of $300,000, the exact amount to be determined at the trial of this matter, as well as punitive damages in the amount of $900,000, plus costs and such other and further relief as justice may require.

## COUNT II
### (Constructive Fraud)

24.   Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 23.

25.   In violation of the fiduciary duties owed to the Millmans, Defendants engaged in a fraudulent course of conduct by causing the Millmans, who clearly expressed a need for current income and an aversion to risk, to invest the majority of their retirement savings in illiquid, leveraged, real estate based, private placement securities. Defendants' actions constituted a

9

constructive fraud because they were inherently deceptive and actually deceived the Millmans into thinking that their investments were being handled properly and in accordance with their conservative investment objectives and risk tolerance, when precisely the opposite had actually occurred. Moreover, Defendants' conduct in managing the account of unsophisticated and vulnerable investors like the Millmans in the manner they did would have the tendency to deceive the public at large and the Millmans, in particular.

26.   Due to Defendants' superior knowledge of the securities industry, the Millmans reposed trust and confidence in them and reasonably and justifiably relied on them to conduct themselves so as to protect the Millmans' interests. At all times, the Millmans reasonably believed that the actions taken by the Defendants constituted an appropriate method by which the Millmans could meet their investment objectives.

27.   As a proximate result of Defendants' conduct, the Millmans have suffered and continue to suffer substantial damages.

28.   Defendants acted with actual malice, spite, ill-will, and intent to injure and defraud the Millmans by engaging in the fraudulent management of their retirement savings.

WHEREFORE, Plaintiffs, Harlean Millman, Elizabeth A. Millman and Gregory P. Millman, request that a judgment be entered in their

10

favor and against Defendants, jointly and severally, for

compensatory and/or rescission damages in the amount of $300,000,

the exact amount to be determined at the trial of this matter, as

well as punitive damages in the amount of $900,000, plus costs and

such other and further relief as justice may require.

## COUNT III
### (Negligent Misrepresentation/Omission)

29. Plaintiffs hereby incorporate by reference the

allegations contained in paragraphs 1-28.

30. At all times relevant to this Complaint, Defendants had

both a legal and fiduciary duty to disclose all material facts with

regard to the risks associated with the investments purchased for

the Millmans. At the same time, Defendants had a duty to refrain

from omitting material facts in connection with the offer and sale

of securities purchased in those accounts.

31. In violation of the aforementioned requirements and

duties, Defendants made the misrepresentations and omissions of

material fact set forth in paragraph nos. 13-18 of this Complaint

which they knew or should have known were false and misleading.

32. Defendants intended for the Millmans to rely upon their

omissions and misrepresentations. The Millmans reasonably and

justifiably relied on Defendants' omissions and misrepresentations

to their detriment.

33.  As a proximate result of the false and misleading omissions and misrepresentations by Defendants, the Millmans suffered damages.

WHEREFORE, Plaintiffs, Harlean Millman, Elizabeth A. Millman and Gregory P. Millman, request that a judgment be entered in their favor and against Defendants, jointly and severally, for compensatory and/or rescission damages in the amount of $300,000, the exact amount to be determined at the trial of this matter, plus costs and such other and further relief as justice may require.

### COUNT IV
### (Negligence)

34.  Plaintiffs incorporate paragraphs 1-33 as if they were fully set forth herein.

35.  Defendants owed the Millmans fiduciary duties to employ such care, skill, prudence and judgment as might reasonably be expected of skilled professional financial advisors in the recommendation and management of his retirement savings.

36.  Defendants owed the Millmans a further duty to give prudent investment advice. Defendants were obliged to monitor the Millmans' investments, to assess the Millmans' circumstances and periodically to review their affairs to ensure that the investments selected remained suitable to the Millmans' tolerance for risk and investment objectives.

12

37.   Defendants breached their duties to the Millmans in the following ways:

    (a) They solicited the Millmans, risk adverse investors with current income needs, to concentrate their life savings in a portfolio of illiquid, highly speculative, leveraged real estate based private placement securities.

    (b) They failed to disclose that the investments selected were unsuitable and not diverse.

    (c) They failed to properly monitor the accounts and reallocate the investments as the real estate and credit markets became unstable and continued to deteriorate.

    (d) They recommended to the Millmans that they purchase annuities further exacerbating the liquidity problems associated with the illiquid, private placement investments.

38.   The Millmans suffered substantial damages proximately caused by Defendants in the negligent recommendation and management of their investment accounts.

WHEREFORE, Plaintiffs, Harlean Millman, Elizabeth A. Millman and Gregory P. Millman, request that a judgment be entered in their favor and against Defendants, jointly and severally, for

compensatory and/or rescission damages in the amount of $300,000, the exact amount to be determined at the trial of this matter, plus costs and such other and further relief as justice may require.

### COUNT V
#### (Negligent Supervision)

39. Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1-38.

40. Questar owed the Millmans a duty to exercise proper supervision over Gammon to ensure that his behavior in connection with the management of the Millmans' investments was in accordance with all applicable laws, regulations and industry standards.

41. Questar was required to establish and maintain an effective system to supervise Gammon's activities which required, at a minimum:(1) periodic examination of all customer accounts; (2) the review and endorsement of all transactions; (3) the review of all incoming and outgoing written and electronic correspondence with the public relating to the investment business; and (4) ensuring that its financial advisors were managing investment accounts in a manner consistent with stated investment objectives and risk tolerance.

42. Questar failed to properly supervise Gammon with regard to his management of the Millmans' retirement savings.

14

43.   As a result of the failure to supervise by Questar, Gammon engaged in the misconduct detailed above and continued it without detection and correction.

44.   The Millmans suffered damages proximately caused by the negligent failure to supervise by Questar.

WHEREFORE, Plaintiffs, Harlean Millman, Elizabeth A. Millman and Gregory P. Millman, request that a judgment be entered in their favor and against Defendant, Questar Capital Corporation, for compensatory and/or rescission damages in the amount of $300,000, the exact amount to be determined at the trial of this matter, plus costs and such other and further relief as justice may require.

## COUNT VI
### (Violation of Maryland Securities Act)

45.   Plaintiffs incorporate by reference the allegations in Paragraphs 1-44.

46.   At all times, Defendants received consideration from the Millmans by making investments with the funds entrusted to them.

47.   By making investments as they did, Defendants engaged in a scheme, device and/or artifice to defraud the Millmans in violation the Maryland Securities Act, codified at Md. Corps. & Ass'ns Code Ann. ' 11-101 et seq. Specifically, Defendants falsely advised the Millmans that investing their retirement savings in the manner detailed above was suitable and appropriate for them based upon their stated investment objectives and risk tolerance.

15

48.   The violations by Defendants of The Maryland Securities Act, codified at Md. Corps. & Ass'ns. Code Ann. ' 11-101 et seq., are further evidenced by the repeated misstatements of fact and/or omissions of fact by Defendants, as set forth in paragraph nos. 13-18 of this Complaint, to the Millmans about the propriety of the securities selected and the investment strategies employed.

WHEREFORE, Plaintiffs, Harlean Millman, Elizabeth A. Millman and Gregory P. Millman, request that a judgment be entered in their favor and against Defendants, jointly and severally, for violation of the Maryland Securities Act, codified at Md. Corps. & Assn's Code Ann. §§ 11-101, et seq., in the amount of $300,000, the exact amount to be determined at trial, plus interest at the statutory rate, attorney's fees, costs and such other and further relief as justice may require.

Respectfully submitted,

Dated: December 18th, 2014

Thomas C. Costello
Anne L. Preston
Costello Law Group
409 Washington Avenue, Suite 410
Towson, Maryland 21204
(410) 832-8800

Attorneys for Plaintiffs

## JURY TRIAL DEMANDED

Plaintiff hereby demands and requests that all claims, actions and causes of action set forth herein be tried before a jury.

_____
Thomas C. Costello

Circuit Court for _____
City or County

## CIVIL - NON-DOMESTIC CASE INFORMATION REPORT

**DIRECTIONS:**
*Plaintiff: This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a). A copy must be included for each defendant to be served.*
*Defendant: You must file an Information Report as required by Rule 2-323(h).*
**THIS INFORMATION REPORT CANNOT BE ACCEPTED AS AN ANSWER OR RESPONSE.**

FORM FILED BY: ☐ PLAINTIFF   ☐ DEFENDANT   CASE NUMBER _____
(Clerk to insert)

CASE NAME: _____ vs. _____
Plaintiff                                                        Defendant

JURY DEMAND: ☐ Yes ☐ No   Anticipated length of trial: _____ hours or _____ days
RELATED CASE PENDING? ☐ Yes ☐ No   If yes, Case #(s), if known: _____

Special Requirements? ☐ Interpreter (Please attach Form CC-DC 41)
☐ ADA accommodation (Please attach Form CC-DC 49)

| NATURE OF ACTION (CHECK ONE BOX) | | DAMAGES/RELIEF |
|---|---|---|
| **TORTS** | **LABOR** | **A. TORTS** |
| ☐ Motor Tort | ☐ Workers' Comp. | **Actual Damages** |
| ☐ Premises Liability | ☐ Wrongful Discharge | ☐ Under $7,500   ☐ Medical Bills |
| ☐ Assault & Battery | ☐ EEO | ☐ $7,500 - $50,000   $ _____ |
| ☐ Product Liability | ☐ Other _____ | ☐ $50,000 - $100,000   ☐ Property Damages |
| ☐ Professional Malpractice | **CONTRACTS** | ☐ Over $100,000   $ _____ |
| ☐ Wrongful Death | ☐ Insurance | ☐ Wage Loss |
| ☐ Business & Commercial | ☐ Confessed Judgment | $ _____ |
| ☐ Libel & Slander | ☐ Other _____ | |
| ☐ False Arrest/Imprisonment | **REAL PROPERTY** | **B. CONTRACTS**   **C. NONMONETARY** |
| ☐ Nuisance | ☐ Judicial Sale | |
| ☐ Toxic Torts | ☐ Condemnation | ☐ Under $10,000   ☐ Declaratory Judgment |
| ☐ Fraud | ☐ Landlord Tenant | ☐ $10,000 - $20,000   ☐ Injunction |
| ☐ Malicious Prosecution | ☐ Other _____ | ☐ Over $20,0000   ☐ Other _____ |
| ☐ Lead Paint | **OTHER** | |
| ☐ Asbestos | ☐ Civil Rights | |
| ☐ Other | ☐ Environmental | |
| _____ | ☐ ADA | |
| | ☐ Other _____ | |

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION**
Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)
A. Mediation ☐ Yes ☐ No       C. Settlement Conference ☐ Yes ☐ No
B. Arbitration ☐ Yes ☐ No     D. Neutral Evaluation ☐ Yes ☐ No

**TRACK REQUEST**
*With the exception of Baltimore County and Baltimore City, please fill in the estimated LENGTH OF TRIAL.*
**THIS CASE WILL THEN BE TRACKED ACCORDINGLY.**
☐ 1/2 day of trial or less       ☐ 3 days of trial time
☐ 1 day of trial time            ☐ More than 3 days of trial time
☐ 2 days of trial time

PLEASE SEE PAGE TWO OF THIS FORM FOR INSTRUCTIONS PERTAINING TO THE BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM AND COMPLEX SCIENCE AND/OR MEDICAL CASE MANAGEMENT PROGRAM (ASTAR), AS WELL AS ADDITIONAL INSTRUCTIONS IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, PRINCE GEORGE'S COUNTY, OR BALTIMORE COUNTY.

Date _____          Signature _____

CC/DCM 002 (Rev. 2/2010)               Page 1 of 3

## BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM

*For all jurisdictions, if Business and Technology track designation under Md. Rule 16-205 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☐
**Expedited**
Trial within 7 months
of Filing

☐
**Standard**
Trial within 18 months
of Filing

☐ EMERGENCY RELIEF REQUESTED _____ _____

Signature                                                Date

## COMPLEX SCIENCE AND/OR MEDICAL CASE MANAGEMENT PROGRAM (ASTAR)

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO AN ASTAR RESOURCE JUDGE under Md. Rule 16-202. Please check the applicable box below and attach a duplicate copy of your complaint.*

☐ Expedited - Trial within 7 months of Filing          ☐ Standard - Trial within 18 months of Filing

*IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, PRINCE GEORGE'S COUNTY, OR BALTIMORE COUNTY PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

### CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

☐ Expedited              Trial 60 to 120 days from notice. Non-jury matters.

☐ Standard-Short         Trial 210 days.

☐ Standard               Trial 360 days.

☐ Lead Paint             Fill in: Birth Date of youngest plaintiff _____ .

☐ Asbestos               Events and deadlines set by individual judge.

☐ Protracted Cases       Complex cases designated by the Administrative Judge.

### CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY

To assist the Court in determining the appropriate Track for this case, check one of the boxes below. This information is not an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded.

☐ Liability is not conceded, but is not seriously in dispute.

☐ Liability is seriously in dispute.

## CIRCUIT COURT FOR BALTIMORE COUNTY

☐ Expedited
(Trial Date-90 days)
Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus.

☐ Standard
(Trial Date-240 days)
Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases.

☐ Extended Standard
(Trial Date-345 days)
Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency.

☐ Complex
(Trial Date-450 days)
Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases.